**Severance, Ethan**

| | |
|---|---|
| **From:** | McDonough, Joanna |
| **Sent:** | Wednesday, October 5, 2022 1:21 PM |
| **To:** | 'Bruce Assad'; 'Robert Novack'; 'Rachel McCarthy' |
| **Cc:** | Garcia, Christian; Severance, Ethan; Donovan, Caroline |
| **Subject:** | Fernandes - Second Set RFPs to Souza and Hodgson |
| **Attachments:** | 2022.10.05 - Hodgson Second Set RFPs.pdf; 2022.10.05 - Souza Second Set RFPs.pdf |

Counsel:

Attached for service please find Plaintiff's Second Sets of RFPs to Defendants Souza and Hodgson. As a courtesy, these will also be sent in hard copy via First Class Mail.

Regards,
Joanna

**Joanna McDonough**  |  Associate

# FOLEY
# HOAG LLP

Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

jmcdonough@foleyhoag.com e-mail
617.832.3050 phone
617.832.7000 fax

www.foleyhoag.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

DANIEL FERNANDES
          Plaintiff,
 vs.
MICHAEL SENA, Former Correctional Officer
BROCK MORRIS, Former Correctional Officer  Civil Action No. 1:20-cv-11612
EDWARD BOULEY, Former Lieutenant
JOHN MURPHY, Former Captain
STEVEN J. SOUZA, Superintendent, Bristol County
Sheriff's Department
THOMAS M. HODGSON, Sheriff, Bristol County
BRISTOL COUNTY SHERIFF'S OFFICE
          Defendants.

_____

**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
TO THOMAS M. HODGSON**

Pursuant to Fed. R. Civ. P. 34, Plaintiff Daniel Fernandes ("Fernandes") requests that Defendant Thomas M. Hodgson ("Hodgson") respond to the following Requests and produce responsive documents within thirty (30) days.

**DEFINITIONS**

1. The terms "and" and "or" include the disjunctive or the conjunctive as necessary to bring within the scope of these requests any information or documents that might otherwise be construed to be outside their scope.

2. The terms "any," "all," "each," and "every" shall be construed as all and any.

3. The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries, photographs, drawings, or otherwise), whether orally or in writing, or by any other means or medium, including face-to-face or by telephone, telecopier, mail, telex, facsimile, electronic mail, personal delivery, overnight delivery, computer transmission, telephone transmission, or otherwise.

1

4. The term "document" shall mean all written, printed, typed, transcribed, encoded, punched, recorded, taped, filmed, or other graphic material of every kind and description whatsoever from which information can be obtained, including but not limited to correspondence, tape recordings, videotapes, electronic mail, text messages, and any information stored on computer disks, tablets, and other personal electronic devices, removable media of any kind, and databases, and shall include all drafts and non-identical copies of documents, as well as any post-it notes or other attachments or exhibits affixed thereto.

5. The term "including" shall mean including without limitation, whether or not so specified in a particular request.

6. The term "person" shall mean, without limitation, any natural person, corporation, company, firm, partnership, joint venture, association, sole proprietorship, cooperative, institute, or other business, legal or governmental entity or other entity.  References to a person shall include all of such person's predecessors or successors in interest, present or former divisions, subsidiaries, partners and affiliates and present and former directors, officers, executives, trustees, employees, principals, agents, attorneys, financial advisors, consultants, representatives, and other persons acting or purporting to act on such person's behalf.

7. The term "concerning" shall mean evidencing, constituting, referring to, addressing, relating to, regarding, describing, or memorializing.

8. The term "Assault" shall mean the cell search and assault of Daniel Fernandes on October 24, 2017, as described in the Complaint, and anything related thereto.

9. The terms "You" and "Your" shall mean Defendant Thomas Hodgson.

10. The term "BCSO" shall mean Bristol County Sheriff's Office, its employees, agents, directors, officers, attorneys, or other persons acting on its behalf.

## **INSTRUCTIONS**

1. Each Request shall be construed independently and not with reference to any other request herein for purposes of limitation, unless a request so specifies.

2. Each Request calls for production of each document and thing in its entirety, without abbreviation, redaction, expurgation, or modification.

3. Each Request calls for production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in either your files or records, together with a copy of the descriptive file folder or database category in its entirety.

4. If you cannot respond to any of these Requests in full, respond to the extent possible, specifying the reasons why you are unable to respond in full, and provide whatever information you have concerning the documents or portions thereof not provided, including but not limited to the source or sources from which the documents or portions thereof may be obtained.

5. If you withhold any document, in whole or in part, otherwise responsive to these Requests on the grounds that the subject therein is subject of attorney-client privilege, work product immunity, or other privilege or immunity, produce as much of the document as to which no claim of privilege or immunity is made and, with respect to the document or portions of documents withheld on the basis of a claim of privilege or immunity, specifically identify the following:

 a. the type and nature of the document (e.g., memorandum, email, letter);

 b. the date of the document;

 c. the person(s) who authored, created, or sent the document;

 d. the person(s) to whom the document is addressed, including the recipients of copies, as indicated on the document;

    e. the general subject matter of the document in a manner sufficient to support the privilege or immunity claimed;

    f. the nature of the privilege or immunity asserted as the basis on which the document is being withheld; and

    g. the same information referenced in the foregoing subsections for each enclosure or attachment to each withheld document if the enclosure or attachment is also withheld from production.

6. An objection of claim of privilege or immunity directed to any part of a Request does not constitute an excuse for failure to respond to the parts of the Request for which no objection or claim of privilege or immunity is made.

7. All responsive documents shall be produced as kept in the ordinary course of business. If it is not possible to produce any document called for by a Request, or if you object to any Request in whole or in part, state specifically your objection(s) or the reasons for failure to produce the document.

8. To the extent that you deem or consider any Request to be ambiguous, you should construe the Request to require the fullest and most complete disclosure of all information and requested documents.

9. To the extent you deem or consider any Request to be unduly broad, you shall identify the categories of documents within the scope of the Request that you believe are properly discoverable, produce all documents, and state, with particularity, your reason for asserting that the remainder of the Request seeks documents that are beyond the scope of permissible discovery.

10. These Requests shall be deemed continuing so as to require prompt supplemental responses as you become aware of new documents or information.

11. Unless stated otherwise, You shall produce all responsive documents from January 1, 2011 to present ("Relevant Time Period").

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1. All documents and communications related to the grievance filed by Brock Morris after he was issued a Notice of Termination on April 3, 2018, including but not limited to all communications with the Union and all documents related to the subsequent arbitration.

2. All documents and communications related to the grievance filed by Michael Sena after he was issued a Notice of Termination on March 20, 2018, including but not limited to all communications with the Union and all documents related to the subsequent arbitration.

3. All documents and communications related to Michael Johnson's June 2, 2010 allegations of staff misconduct.

4. All documents and communications related to Keith Beaulieu's November 15, 2010 allegations of staff misconduct.

5. All documents and communications related to Donnell Blocker's November 15, 2010 allegations of staff misconduct.

6. All documents and communications related to Daniel Soper's December 9, 2010 allegations of staff misconduct.

7. All documents and communications related to Wesley Nelson's March 14, 2012 allegations of staff misconduct.

8. All documents and communications related to Brian Walsh's April 3, 2012 allegations of staff misconduct.

9. All documents and communications related to Kyungsu Park's March 26, 2012 allegations of staff misconduct.

10. All documents and communications related to BCSO Lieutenant Stephanie Helme's August 28, 2012 allegations of staff misconduct against Jacquelyn Silveira.

11. All documents and communications related to Kevin Gray's September 18, 2012 allegations of excessive force against BCSO Officers Jonathan Allard and Marc Viveiros.

12. All documents and communications related to Justin Hamel's November 27, 2012 allegations of staff misconduct against BCSO Officers Scott Lopes and Brendan Manning.

13. All documents and communications related to Sheila Lynch's December 2, 2013 allegations of staff misconduct against BCSO Lt. Timothy Kelly.

14. All documents and communications related to Wayne A. Chung's December 19, 2013 allegations of staff misconduct against BCSO Officer Sylvester Santos.

15. All documents and communications related to Roberto Soler's May 15, 2019 allegations of staff misconduct against BCSO Officer Derek Fague.

16. The personnel files of all BCSO employees who the SIU determined used excessive force against a detainee or detainees during the Relevant Time Period.

17. The personnel files of the following BCSO employees:

   a. BCSO Officer Silva, who was alleged to have assaulted Keith Beaulieu

   b. BCSO Lt. Jarrod Gosselin

   c. BCSO Officer Douglas Macedo

   d. BCSO Officer Brian Walsh

   e. BCSO Officer Jacquelyn Silveira

   f. BCSO Officer Jonathan Allard (and Sgt, Jonathan Allard, if different)

6

g.  BCSO employee Marco Viveiros

h.  BCSO Officer Scott Lopes

i.  BCSO Officer Brendan Manning

j.  BCSO Lt. Timothy Kelly

k.  BCSO Officer Sylvester Santos

l.  BCSO Officer Eric Roque

m.  BCSO Officer Matthew Boyer.

n.  Former BCSO Officer Derek Fague.

o.  BCSO Officer Michael Kochanek

p.  BCSO Officer Keith Rapoza.

q.  BCSO Officer Timothy Melo.

r.  BCSO Lieutenant Barry Ferreira.

Respectfully submitted,
Plaintiff Daniel Fernandes,
By his attorneys,

 /s/ Joanna L. McDonough

Caroline S. Donovan, BBO #683274
Joanna L. McDonough, BBO #699056
Christian Garcia, BBO #703433
Ethan Severance, BBO #703052
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: 617-832-1000
Fax: 617-832-7000
MKeating@foleyhoag.com
CDonovan@foleyhoag.com
JMcDonough@foleyhoag.com
CGarcia@foleyhoag.com
Dated:  October 5, 2022                    ESeverance@foleyhoag.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served by First Class Mail and email on the 5 day of October 2022 to:

Bruce A. Assad, Esq.
Robert Novack, Esq.
Rachel McCarthy
Bristol County Sheriff's Office
400 Faunce Corner Road
Dartmouth, MA 02747
baalawfirm@aol.com
robertnovack@bcso-ma.org
rachelmccarthy@bcso-ma.org

Attorneys for Defendants Souza and Hodgson

*/s/ Joanna L. McDonough*
Joanna L. McDonough

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

DANIEL FERNANDES
                            Plaintiff,
    vs.
MICHAEL SENA, Former Correctional Officer
BROCK MORRIS, Former Correctional Officer      Civil Action No. 1:20-cv-11612
EDWARD BOULEY, Former Lieutenant
JOHN MURPHY, Former Captain
STEVEN J. SOUZA, Superintendent, Bristol County
Sheriff's Department
THOMAS M. HODGSON, Sheriff, Bristol County
BRISTOL COUNTY SHERIFF'S OFFICE
                            Defendants.

_____

**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**
**TO STEVEN J. SOUZA**

    Pursuant to Fed. R. Civ. P. 34, Plaintiff Daniel Fernandes ("Fernandes") requests that Defendant Steven J. Souza ("Souza") respond to the following Requests and produce responsive documents within thirty (30) days.

**DEFINITIONS**

    1. The terms "and" and "or" include the disjunctive or the conjunctive as necessary to bring within the scope of these requests any information or documents that might otherwise be construed to be outside their scope.

    2. The terms "any," "all," "each," and "every" shall be construed as all and any.

    3. The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries, photographs, drawings, or otherwise), whether orally or in writing, or by any other means or medium, including face-to-face or by telephone, telecopier, mail, telex, facsimile, electronic mail, personal delivery, overnight delivery, computer transmission, telephone transmission, or otherwise.

1

4. The term "document" shall mean all written, printed, typed, transcribed, encoded, punched, recorded, taped, filmed, or other graphic material of every kind and description whatsoever from which information can be obtained, including but not limited to correspondence, tape recordings, videotapes, electronic mail, text messages, and any information stored on computer disks, tablets, and other personal electronic devices, removable media of any kind, and databases, and shall include all drafts and non-identical copies of documents, as well as any post-it notes or other attachments or exhibits affixed thereto.

5. The term "including" shall mean including without limitation, whether or not so specified in a particular request.

6. The term "person" shall mean, without limitation, any natural person, corporation, company, firm, partnership, joint venture, association, sole proprietorship, cooperative, institute, or other business, legal or governmental entity or other entity. References to a person shall include all of such person's predecessors or successors in interest, present or former divisions, subsidiaries, partners and affiliates and present and former directors, officers, executives, trustees, employees, principals, agents, attorneys, financial advisors, consultants, representatives, and other persons acting or purporting to act on such person's behalf.

7. The term "concerning" shall mean evidencing, constituting, referring to, addressing, relating to, regarding, describing, or memorializing.

8. The term "Assault" shall mean the cell search and assault of Daniel Fernandes on October 24, 2017, as described in the Complaint, and anything related thereto.

9. The terms "You" and "Your" shall mean Defendant Steven Souza.

10. The term "BCSO" shall mean Bristol County Sheriff's Office, its employees, agents, directors, officers, attorneys, or other persons acting on its behalf.

## **INSTRUCTIONS**

1. Each Request shall be construed independently and not with reference to any other request herein for purposes of limitation, unless a request so specifies.

2. Each Request calls for production of each document and thing in its entirety, without abbreviation, redaction, expurgation, or modification.

3. Each Request calls for production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in either your files or records, together with a copy of the descriptive file folder or database category in its entirety.

4. If you cannot respond to any of these Requests in full, respond to the extent possible, specifying the reasons why you are unable to respond in full, and provide whatever information you have concerning the documents or portions thereof not provided, including but not limited to the source or sources from which the documents or portions thereof may be obtained.

5. If you withhold any document, in whole or in part, otherwise responsive to these Requests on the grounds that the subject therein is subject of attorney-client privilege, work product immunity, or other privilege or immunity, produce as much of the document as to which no claim of privilege or immunity is made and, with respect to the document or portions of documents withheld on the basis of a claim of privilege or immunity, specifically identify the following:

    a. the type and nature of the document (e.g., memorandum, email, letter);

    b. the date of the document;

    c. the person(s) who authored, created, or sent the document;

    d. the person(s) to whom the document is addressed, including the recipients of copies, as indicated on the document;

    e. the general subject matter of the document in a manner sufficient to support the privilege or immunity claimed;

    f. the nature of the privilege or immunity asserted as the basis on which the document is being withheld; and

    g. the same information referenced in the foregoing subsections for each enclosure or attachment to each withheld document if the enclosure or attachment is also withheld from production.

6. An objection of claim of privilege or immunity directed to any part of a Request does not constitute an excuse for failure to respond to the parts of the Request for which no objection or claim of privilege or immunity is made.

7. All responsive documents shall be produced as kept in the ordinary course of business. If it is not possible to produce any document called for by a Request, or if you object to any Request in whole or in part, state specifically your objection(s) or the reasons for failure to produce the document.

8. To the extent that you deem or consider any Request to be ambiguous, you should construe the Request to require the fullest and most complete disclosure of all information and requested documents.

9. To the extent you deem or consider any Request to be unduly broad, you shall identify the categories of documents within the scope of the Request that you believe are properly discoverable, produce all documents, and state, with particularity, your reason for asserting that the remainder of the Request seeks documents that are beyond the scope of permissible discovery.

10. These Requests shall be deemed continuing so as to require prompt supplemental responses as you become aware of new documents or information.

11. Unless stated otherwise, You shall produce all responsive documents from January 1, 2011 to present ("Relevant Time Period").

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All documents and communications related to the grievance filed by Brock Morris after he was issued a Notice of Termination on April 3, 2018, including but not limited to all communications with the Union and all documents related to the subsequent arbitration.

2. All documents and communications related to the grievance filed by Michael Sena after he was issued a Notice of Termination on March 20, 2018, including but not limited to all communications with the Union and all documents related to the subsequent arbitration.

3. All documents and communications related to Michael Johnson's June 2, 2010 allegations of staff misconduct.

4. All documents and communications related to Keith Beaulieu's November 15, 2010 allegations of staff misconduct.

5. All documents and communications related to Donnell Blocker's November 15, 2010 allegations of staff misconduct.

6. All documents and communications related to Daniel Soper's December 9, 2010 allegations of staff misconduct.

7. All documents and communications related to Wesley Nelson's March 14, 2012 allegations of staff misconduct.

8. All documents and communications related to Brian Walsh's April 3, 2012 allegations of staff misconduct.

9. All documents and communications related to Kyungsu Park's March 26, 2012 allegations of staff misconduct.

10. All documents and communications related to BCSO Lieutenant Stephanie Helme's August 28, 2012 allegations of staff misconduct against Jacquelyn Silveira.

11. All documents and communications related to Kevin Gray's September 18, 2012 allegations of excessive force against BCSO Officers Jonathan Allard and Marc Viveiros.

12. All documents and communications related to Justin Hamel's November 27, 2012 allegations of staff misconduct against BCSO Officers Scott Lopes and Brendan Manning.

13. All documents and communications related to Sheila Lynch's December 2, 2013 allegations of staff misconduct against BCSO Lt. Timothy Kelly.

14. All documents and communications related to Wayne A. Chung's December 19, 2013 allegations of staff misconduct against BCSO Officer Sylvester Santos.

15. All documents and communications related to Roberto Soler's May 15, 2019 allegations of staff misconduct against BCSO Officer Derek Fague.

16. The personnel files of all BCSO employees who the SIU determined used excessive force against a detainee or detainees during the Relevant Time Period.

17. The personnel files of the following BCSO employees:

    a. BCSO Officer Silva, who was alleged to have assaulted Keith Beaulieu

    b. BCSO Lt. Jarrod Gosselin

    c. BCSO Officer Douglas Macedo

    d. BCSO Officer Brian Walsh

    e. BCSO Officer Jacquelyn Silveira

    f. BCSO Officer Jonathan Allard (and Sgt, Jonathan Allard, if different)

g. BCSO employee Marco Viveiros

h. BCSO Officer Scott Lopes

i. BCSO Officer Brendan Manning

j. BCSO Lt. Timothy Kelly

k. BCSO Officer Sylvester Santos

l. BCSO Officer Eric Roque

m. BCSO Officer Matthew Boyer.

n. Former BCSO Officer Derek Fague.

o. BCSO Officer Michael Kochanek

p. BCSO Officer Keith Rapoza.

q. BCSO Officer Timothy Melo.

r. BCSO Lieutenant Barry Ferreira.

8

                                                          Respectfully submitted,
                                                          Plaintiff Daniel Fernandes,
                                                          By his attorneys,

                                                          */s/ Joanna L. McDonough*

                                                          Caroline S. Donovan, BBO #683274
                                                          Joanna L. McDonough, BBO #699056
                                                          Christian Garcia, BBO #703433
                                                          Ethan Severance, BBO #703052
                                                          FOLEY HOAG LLP
                                                          155 Seaport Boulevard
                                                          Boston, MA 02210
                                                          Tel: 617-832-1000
                                                          Fax: 617-832-7000
                                                          MKeating@foleyhoag.com
                                                          CDonovan@foleyhoag.com
                                                          JMcDonough@foleyhoag.com
                                                          CGarcia@foleyhoag.com
Dated:  October 5, 2022                     ESeverance@foleyhoag.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served by First Class Mail and email on the 5th day of October 2022 to:

Bruce A. Assad, Esq.
Robert Novack, Esq.
Rachel McCarthy
Bristol County Sheriff's Office
400 Faunce Corner Road
Dartmouth, MA 02747
baalawfirm@aol.com
robertnovack@bcso-ma.org
rachelmccarthy@bcso-ma.org

Attorneys for Defendants Souza and Hodgson

*/s/ Joanna L. McDonough*
Joanna L. McDonough

9